**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kiet Tuong LIEU, Defendant— Appellant.**

No. 07–50417.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2008.*

Filed Nov. 21, 2008.

Michael J. Raphael, Esquire, Assistant U.S., Kevin S. Rosenberg, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gary Paul Burcham, Law Office of Debra DiIorio, San Diego, CA, for Defendant–Appellant.

Before: GRABER and CLIFTON,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Circuit Judges, and REED,** District Judge.

### MEMORANDUM ***

Defendant Kiet Tuong Lieu appeals from the judgment and sentence that followed his guilty plea to conspiracy to distribute and possess MDMA (ecstacy). We review for abuse of discretion the district court's authorization of the wiretap. *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir.2008), *petition for cert. filed*, —— U.S.L.W. —— (U.S. Oct. 21, 2008) (No. 08–6961). After careful consideration of all of Defendant's arguments, we find no abuse of discretion.

The affidavit submitted by Special Agent Paul Gelles contained sufficiently specific and individualized facts to satisfy the requirements of 18 U.S.C. § 2518(1)(c) and to establish the necessity to authorize interception of Defendant's telephone lines.[1] Gelles had more than five years of Drug Enforcement Agency experience. About a third of his 67–page affidavit explained the traditional investigative techniques that had been tried and/or considered, including use of informants and undercover agents, other previously authorized wiretaps, witness interviews, a grand jury investigation, physical surveillance, pen registers, trap and trace devices, search warrants, grants of immunity, trash searches, a financial investigation, and mail covers. We must apply a common-sense approach to evaluate the government's good faith efforts to use other techniques over a reasonable period of time and to the government's explanations for why other techniques likely would fail or be dangerous. *United States v. Canales Gomez*, 358 F.3d 1221, 1225–26 (9th Cir.2004). Not every technique is required to be exhausted in every case. *United States v. Spagnuolo*, 549 F.2d 705, 710 (9th Cir.1977). The Gelles affidavit meets those standards.

AFFIRMED.

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Defendant does not challenge the existence of probable cause, nor does he dispute any findings of fact.

